# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| DEMONTE KAPLAN, | ) | ID NO. 2303004765 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: December 27, 2024
Date Decided: February 18, 2025

*Upon Defendant's Motion to In Limine and Motion to Hold Daubert Hearing.*
**DENIED**.

## <u>ORDER</u>

Beth D. Savitz, Deputy Attorney General, Department of Justice, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

Olivia C. Phillips, Assistant Public Defender, Wilmington Delaware, 19801, Attorney for Defendant Demonte Kaplan.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Defendant Demonte Kaplan's ("Kaplan") Motion in *Limine* to Exclude Detective Rosaio's Testimony, or in the alternative to Conduct a *Daubert* Hearing. After reviewing Kaplan's Motion *in Limine*, Motion to Conduct a *Daubert* hearing and the State's response to both respective Motions, this Court finds the State has sufficiently proffered Detective Rosaio as a qualified expert and his expert testimony is relevant and reliable to assist the fact finder. Accordingly, Kaplan's Motions are **DENIED**.

## FACTUAL BACKGROUND

Wednesday, March 8, 2023, the Delaware State Police Governor's Task Force ("GTF") was on proactive patrol on Philadelphia Pike in Claymont, New Castle County, Delaware. The GTF group is made up of Delaware State Police Troopers and Probation Officers.

While in an Arby's parking lot, GTF members observed a black Chevrolet Suburban parked in a parking spot at Arby's. Shortly thereafter, a brown Buick Lacrosse, later determined to be occupied by Ugandi Jacobs Jr. ("Jacobs"), pulled into the parking lot and parked. The GTF members observed the driver of the Buick exit the vehicle, walk to the Suburban occupied by the defendant, and enter the front passenger seat. GTF members observed the Suburban drive around the Arby's parking lot aimlessly and stop at the Buick. Following the stop, Jacobs exited the

2

vehicle. The GTF officers observe Jacobs walk to the Buick holding his arms against his body and his hands against his chest. Thereafter, the Suburban exited the Arby's parking lot while the Buick drove around the back of the Arby's. The Buick was then apprehended by the GTF officers behind the Arby's.

The GTF officers, based on personal observation of the behavior of Jacobs, believed a drug deal had just taken place in the Suburban. The GTF officers apprehended the Buick and were able to identify the driver as Jacobs and the passenger as Colby Todd. The GTF officers searched Jacobs and found two vacuum sealed bags of marijuana.

GTF officers were also able to apprehend the Suburban on Philadelphia Pike. The GTF officers identified the driver of the Suburban as Kaplan. Upon further communication with Kaplan, the GTF officers were able to smell raw marijuana in the Suburban. However, no marijuana was found during the stop and search of the car.

DSP located $3,070.00 sitting in the center console of the Suburban. Kaplan Denied any part in the drug deal. Kaplan was indicted on or about July 24, 2023. The indictment was amended on November 21, 2023, and charges Kaplan of the following: 1) Drug Dealing, Fentanyl (felony); 2) Drug Possession (misdemeanor):

3

3) Drug Dealing, Marijuana (felony); and 4) Drug Dealing, Psilocybin (felony). Trial is scheduled for January 13, 2025.

Prior to trial, the State disclosed it would be calling Detective Andrew Rosaio of New Castle County Police Department and the FBI Violent Crimes Task Force as its drug dealing expert for trial and provided Detective Rosaio's resume and a brief statement of his anticipated testimony.

On July 3, 2024, Kaplan filed a Motion to Exclude Detective Rosaio's Testimony or to Conduct a *Daubert* Hearing. The State filed its response on September 6, 2024.

## PARTIES CONTENTIONS

*Kaplan Contends*:

Kaplan's Motion *in Limine* asserts that Detective Rosaio's proposed testimony is profiling evidence and does not comport with Delaware Rule of Evidence 702 or the *Daubert* Standard. Further, Kaplan's Motion to Conduct a *Daubert* hearing contends that Detective Rosaio is not qualified to be an expert witness because he cannot opine the mythologies, techniques, or other theory's that were subject to peer review when providing profiling testimony.

*The State Contends*:

The State contends Detective Rosaio's testimony is not profiling testimony. Rather, Detective Rosaio's testimony is expert testimony that is admissible because

it describes the quantity of the drugs found, the packaging of the drugs, the currency found, and the lack of personal use paraphernalia in relation to the "intent to deliver," element of the crime charged.

## STANDARD OF REVIEW

Delaware Courts have adopted the United States Supreme Court holding in *Daubert*, "which requires that an expert's opinion be based upon a proper factual foundation and sound methodology to be admissible, as the correct interpretation of D.R.E. 702."[1] Pursuant to that rule, the trial judge acts as the gatekeeper to determine whether a proffered expert's testimony satisfies D.R.E. 702 and is thus admissible as evidence.[2] In making that determination, a trial judge has broad discretion to decide whether the expert testimony is reliable and relevant.[3]

The proffered expert testimony must satisfy three standards before it can be admitted. Delaware Rule of Evidence 702 in its entirety states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and

---

[1] *Perry v. Berkley*, 996 A.2d 1262, 1267 (Del. 2010); *See M.G. Bancorporation v. Le Beau,* 737 A.2d 513, 521 (Del.1999); *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 593–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[2] *Price v. Blood Bank of Del., Inc.,* 790 A.2d 1203, 1210 (Del. 2002).

[3] *Gen. Motors Corp. v. Grenier,* 981 A.2d 531, 536 (Del.2009) (citation omitted).

methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[4]

To determine "whether an expert has a reliable basis in the knowledge and experience of the relevant discipline,"[5] this Court applies the *Daubert*[6] standard. Under *Daubert*, the Court considers: (1) whether the theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review; (3) whether there is a known or potential rate of error; (4) whether standards exist for the application of the theory; and, (5) whether the theory or technique enjoys general acceptance within a relevant scientific community.[7]

If the Court finds the expert testimony satisfies Rule 702 as interpreted under *Daubert*, "cross-examination, presentation of contrary evidence, and careful

---

[4] Delaware Rule of Evidence 702 (D.R.E. 702 is substantially similar to Rule 702 of the Federal Rules of Evidence, which is governed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, and *Kumho Tire Co., Ltd. v. Carmichael*. The Delaware Supreme Court has expressly adopted the holdings in Daubert and Kumho.) *Daubert v. Merrell Dow Pharmaceuticals, Inc* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (addressing scientific testimony); *Kumho Tire Co., Ltd. v. Carmichael* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (extending *Daubert*'s holdings to all scientific, technical, and specialized matters).

[5] *Li*, 2019 WL 4928614, at *1 (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521 (Del. 1999) (adopting the *Daubert* standard as the correct interpretation of Delaware Rule of Evidence 702)).

[6] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993))).

[7] *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 584 (Del. 2007) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993))).

instruction on the burden of proof are the traditional and appropriate means of attacking… admissible evidence."[8]

## DISCUSSION

### A. Admissibility Of Proffered Expert Testimony Proposed By The State.

Kaplan contends that Detective Rosaio's testimony proffered by the State is inadmissible because it does not comport with Delaware Rule of Evidence 702 or *Daubert* because the State fails to opine the methodologies, scientific techniques, or well-established propositions used to support his testimony. This Court disagrees.

The State contends that Detective Rosaio's proposed testimony is not profiling testimony. Instead, the State asserts that Detective Rosaio is providing expert testimony on admissible evidence such as the quantity of drugs found, the packaging of the drugs, the currency found, and the lack of personal use paraphernalia, in relation to the "intent to deliver" element of the drug dealing charge. The Supreme Court of Delaware in *Davis v. State*, found that expert testimony related to packaging, currency scales, and personal use paraphernalia is admissible to establish the element of "intent to deliver," in a drug-dealing charge.[9] Here, the States proffered evidence of Detective Rosaio's testimony is admissible to establish the

---

[8] *Id.* (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)).
[9] *Davis v. State*, 319 A.3d 269 (Del. 2024).

intent element of a drug-dealing charge because the testimony will be related to packaging, currency scales, and personal use paraphernalia.[10]

B. **Detective Rosaio's Qualifications as an Expert.**

The Supreme Court of the United States holdings in *Daubert* and *Kumho* indicated that a "trial judge must make a threshold determination about the reliability of testimony offered by an expert and decide whether, by the preponderance of the evidence, there are grounds established that a jury is not being offered an opinion that is mere speculation."[11] Further, the determination of the reliability, factors illuminated in *Daubert* are intended to be helpful and not a preclusive list.[12] The factors may or may not be applicable depending on "the nature of the issue, an expert's expertise, and the subject of the testimony."[13] "Failure to confirm to the *Daubert* factors is not fatal in this case, as factors and testimony do not lend themselves to peer review and reliability rates."[14]

---

[10] *Id.*

[11] *State v. Jones* 2003 WL 21519842, at *3 (Del. Super. Ct.).

[12] *Norwood v. State,* 813 A.2d 1141 (Table), 2003 WL 29969, at *2 (Del.).

[13] *Norwood* 813 A.2d 1141, at*2.

[14] *Norwood v. State,* 813 A.2d 1141. (*See generally*, the Court found failure to conform to all Daubert factors when a police officer is being proffered as an expert is not fatal because much of the factors and testimony do not lend themselves to peer review or reliability rates.).

## 1. The States Expert Witness Is Qualified As An Expert By Knowledge, Skill, Experience, Training And Education.

Kaplan asserts that Detective Rosaio cannot be proffered as an expert because his experience does not satisfy the elements set forth in *Daubert*. This Court disagrees. A proposed expert must possess knowledge, skill, experience, training, or education in the area of his or her testimony greater than the average layperson.[15] Detective Rosaio's resume provides that he was a police officer with the New Castle County Police Department for twelve years. For nine of the twelve years that Detective Rosaio has served as a police officer, he has worked in specialized unites that focused on drug and gun investigations. Further, Detective Rosaio is currently assigned to the FBITF and works with federal and local law enforcement on large scale drug investigations including wiretaps, search warrants, and GPS orders. Detective Rosaio has completed a multitude of trainings in organized crime and firearm enforcement. Lastly, Detective Rosaio has testified numerous times in state in federal courts as both a fact and expert witness in drug dealing cases. The present case is akin to *Hudson v. State* where, during *voir dire*, the detective testified about his extensive experience and training in handling drug cases.[16] The Court found his

---

[15]*Hudson v. Old Guard Ins. Co.,* 3 A.3d 246, 252 (Del. 2010); *Anker v. State,* 913 A.2d 569 (Del.2006) (disallowing an expert on interpersonal relationships).

[16] *Hudson v. State*, 956 A.2d 1233, 1238 (Del. 2008).

experience and training afforded him specialized knowledge to testify as an expert.[17]

Similarly, the Court finds that Detective Rosaio possesses the requisite knowledge, skill, experience and training to be proffered as a qualified expert and to assist the jurors in deciding on the particular issues in the instant case.

## 2. Detective Rosaio's Expert Testimony Is Relevant and Reliable.

This Court finds the methodology used to support Detective Rosario's testimony reliable. "When determining reliability, factors illuminated in *Daubert* are meant to be helpful, not definitive, and may or may not be pertinent depending on the nature of the issue, an expert's particular expertise, and the subject of the testimony."[18] In *Norwood v. State*, the Court found that a police officer's expert testimony regarding methods for determining intent to distribute drugs was admissible during a drug trial, despite admission that method had not been peer reviewed and reliability rates were unknown.[19] The Court in *Norwood*, noted it is admissible for a police officer who is proffered as an expert to rely on a variety of

---

[17] *Id.*

[18] *Norwood v. State*, 813 A.2d 1141 (Del. 2003) citing *Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

[19] *Norwood v. State*, 813 A.2d 1141 (Del. 2003).

factors including, weight, package, whether the suspect posed drug paraphernalia or money, when determining whether a suspect intends to distribute drugs.[20]

Here, Detective Rosaio is using a culmination of his twelve years of experience on the New Castle County Police Department, nine years of experience in specialized units focused on drug and gun investigations, and specialized knowledge obtained from various technical training courses[21] to proffer testimony correlating the quantity of drugs possessed by the defendant and the presence of packaging, currency, scales, and other drug related paraphernalia with the intent to deliver element in a drug-dealing charge.

The present case is akin to *Darling v. State* where the Supreme Court of Delaware denied the Defendants Motion *in Limine* to exclude a police officer's testimony because the Supreme Court found that a Police officer was qualified to testify as to whether the defendant possessed marijuana for personal consumption or for purposes of resale, in trial for intent to deliver marijuana.[22] The Supreme Court of Delaware reasoned that the police officer had formal training, experience in

---

[20] *Id*.

[21] Detective Rosaio Completed the following training: 2014- Basic Narcotics Investigator Training; 2015- U.S. Attorney's Office – Gang Conference; 2015- U.S. Attorney's Office- Gun Conference; 2016 – Desert Snow Criminal Interdiction Workshop.

[22] *Darling v. State*, 847 A.2d 1121 (Del. 2004).

narcotics investigation, had been a member of the task force for three years, and participated in over one hundred arrests.[23] The Supreme Court found sufficient facts existed on the record to support the trial judges determination that the police officer could render an expert opinion regarding the Defendants reason for possession of marijuana packaged in a particular way.[24] Accordingly, Detective Rosaio's testimony is relevant to the pertinent case and his extensive training and experience renders the testimony relevant and reliable. Thus, admission of Detective Rosaio's testimony would assist the fact finder.[25]

## CONCLUSION

For the aforementioned reasons, the Defendant's Motion *in Limine* and Motion to Conduct a *Daubert* hearing is **DENIED**.

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[23] *Id*.

[24] *Id.*

[25] *Nelson v. State,* 628 A.2d 69 (Del. Super. Ct. 1993) (The evidence does not create unfair prejudice, confuse the issues, or mislead the jury.